SUMMARY ORDER

Thauo Lin, a native and citizen of the People’s Republic of China, seeks review of an October 31, 2008 order of the BIA, affirming the August 2, 2007 decision of Immigration Judge (“IJ”) Barbara A. Nelson, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Thauo Lin, No. A094 798 090 (B.I.A. Oct. 31, 2008), aff'g No. A094 798 090 (Immig. Ct. N.Y. City Aug. 2, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA’s and IJ’s opinions— or more precisely, the Court reviews the IJ’s decision including the portions not explicitly discussed by the BIA. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165-66 (2d Cir.2008).[2]
Substantial evidence supports the IJ’s adverse credibility determination. In finding Lin not credible, the IJ reasonably relied on Lin’s failure to include in his asylum application any assertion that he was arrested and detained by Chinese authorities for his alleged “other resistance” to the family planning policy. See Xian Tuan Ye v. DHS, 446 F.3d 289, 295-96 (2d Cir.2006) (holding that an applicant’s failure to include any reference to his alleged detention and beating in his 1-589 form is a “self evident” inconsistency that the agency may rely on without first soliciting an explanation). Although we have held that “asylum applicants are not required to list every incident of persecution on their 1-589 statements,” Pavlova v. INS, 441 F.3d 82, 90 (2d Cir.2006), Lin’s omission of this assertion was sufficient to undermine his credibility. See Xiu Xia Lin, 534 F.3d at 165-66. The IJ found the omission particularly suspicious because the details Lin added in his testimony appeared to have been in response to a decision of this Court, the holding of which undermined the claim Lin had made in his asylum application. Further, the IJ reasonably declined to credit Lin’s explanations that he did not consider his arrest and detention a “big thing” and that “he forgot” to write it on his application. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005).
Additionally, while Lin testified that his wife was forcibly sterilized in November *711 2003, his asylum application stated that she was sterilized in November 2006. Further, although Lin testified that his wife was forced to have an abortion during the third month of her pregnancy, his asylum application indicated that she had the abortion when she was “one month pregnant.” Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, we find that the IJ’s adverse credibility determination was supported by substantial evidence. See Xiu Xia Lin, 534 F.3d at 165-66. Thus, the agency’s denial of Lin’s application for asylum was proper. See 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, because Lin based his claims for withholding of removal and CAT relief on the same factual predicate as his asylum claim, those claims necessarily fail. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. The asylum application in this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005). See Title I, § 101(a)(3) of the Act, 119 Stat. 231, 303 (amending 8 U.S.C. § 1158); see also Xiu Xia Lin, 534 F.3d at 165.